RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE ____3/11/11____
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

---

| | |
|---|---|
| PATSY WINSLOW | CIVIL ACTION NO. 10-00116 |
| -vs- | JUDGE DRELL |
| W. L. GORE & ASSOCIATES, INC. | MAGISTRATE JUDGE KIRK |

## JUDGMENT

Before the Court is the Magistrate Judge's Report and Recommendation suggesting the Motion to Dismiss filed by W. L. Gore & Associates, Inc. ("Gore") should be denied; that Plaintiff should be allowed to amend her complaint if she desires; and that Plaintiff's claims regarding implied warranty, fraud and misrepresentation, and fraud and misrepresentation to the Food & Drug Administration ("FDA") be dismissed. (Document No. 49.)  Plaintiff has filed a timely objection to the Report and Recommendation. (Document No. 51.)  After reviewing the entire file in this matter and concurring with the Magistrate Judge's findings, this Court adopts the Magistrate Judge's Report and Recommendation subject to the modifications outlined herein.

First, we observe the urging to apply Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) to the facts alleged in **this** case is misplaced.  While it is true that the edges of the Twombly/Iqbal approach are still in jurisprudential flux, the heartland of authorities suggests that these two cases do not provide a wholly new pleading standard, but only a new tool for **analyzing** motions filed

under Fed. R. Civ. P. 12(b)(6).  The key question now is not whether it appears beyond doubt that a plaintiff can prove **no** set of facts in support of her claim, but whether a claim made is plausible on its face.[1]  A deteriorating implanted wire mesh which causes infection and/or other alleged consequences is clearly "plausible on its face" for 12(b)(6) purposes.  We do observe, however, that Plaintiff's petition could be more artfully drafted regarding the particular requirements of the  Louisiana Products Liability Act, alternative design standards, and the standards of the FDA.

We also note that the Magistrate Judge discussed the possible application of the *res ipsa loquitur* doctrine. While *res ipsa* may, indeed, be relevant,  reference to it at this stage of the litigation is superfluous.

A review of the record shows Plaintiff has filed a motion to amend her original petition (Document No. 35), which will be allowed.  Additionally, as set forth below, Plaintiff will be given additional time to hone her petition, if she so desires.

Accordingly, for the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein, and after an independent (de novo) review of the record, including the objections, and having determined that the findings and recommendation are correct under the applicable law, as modified herein,

IT IS ORDERED that the Motion to Dismiss filed by W. L. Gore & Associates, Inc. (Document No. 21) is DENIED.

---

[1]  In its objections to the Report and Recommendation, Gore cites Funk v. Stryker Corp, 631 F.3d 777 (5th Cir. 2011), in which the district court's dismissal of the plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) was upheld.  This case is distinguishable from the instant action not only because of the preemption issues, but also secondary to the "*res ipsa*" allegations in the Funk complaint that do not exist in our case.

IT IS FURTHER ORDERED that the Motion for Leave to Amend Plaintiff's Original Petition for Damages (Document No. 35) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is allowed an additional thirty (30) days to revise her petition more extensively.

IT IS FURTHER ORDERED that Plaintiff's claims regarding implied warranty, fraud/misrepresentation, and fraud and/or misrepresentation to the FDA, if any, are DISMISSED WITH PREJUDICE.

SIGNED on this 11 day of March, 2011 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE